# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11293
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2014

Lyle W. Cayce
Clerk

BRIAN BRISTER,

Plaintiff-Appellant

v.

QUENTIN SMITH, Dean of School of Pharmacy
of Texas Tech University,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:12-CV-94

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Brian Brister appeals the judgment of the district court dismissing his lawsuit on summary judgment after determining that the "undisputed evidence reveals that [Texas] Tech afforded Brister a level of process that met, if not exceeded, constitutional requirements." We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11293

## I.

## FACTS AND PROCEDURES

While a third-year student in the School of Pharmacy of Texas Tech University ("Tech"), Brister was notified by certified mail that he was accused of student misconduct that included illegally downloading copyrighted material, including sexually explicit material, using University sources; entering an area at a time when students were not allowed access; disrupting normal operations of the University; and – subsequently – wrongfully using credentials of the University Administrator to change a grade from 67 to 77.5. After Brister refused an offer to avoid disciplinary action by withdrawing, he was given formal notice of the time and place that a disciplinary hearing would be held as well as the names of the members of the Student Conduct Board ("Board") who would hear the complaint against him. An amended complaint set forth the charges against him, references to those portions of the Student Code of Conduct that he was alleged to have violated, and a witness list.

Brister appeared for the entire hearing and chose to represent himself, making opening and closing statements, cross-examining Tech's witnesses, and presenting his own evidence. The Board concluded that Brister had engaged in misconduct and recommended dismissal without right to re-apply for admission, which determination was affirmed by the Dean and, eventually, by Tech's president.

Brister filed the instant suit, and Tech eventually filed a motion for summary judgment, seeking dismissal of Brister's action. The district court ultimately granted that motion and entered judgment for Tech, dismissing Brister's suit. He timely filed a notice of appeal.

2

No. 13-11293

II.

ANALYSIS

On appeal, Brister complains that the district court erred by applying a *de minimis* standard of due process, leading it to err in holding that Tech afforded Brister sufficient due process. Brister added that there was ample evidence that Tech failed to provide the process that was due him in the disciplinary hearing process. In essence, Brister complains on appeal that he was deprived of his property right in his graduate education without being afforded the due process of law guaranteed by the United States Constitution. We conclude that his contention is dispelled by the reasoning of the district court as set forth in its carefully explained Order of October 31, 2013.

In concluding that "Brister was afforded far more process than he was due," the district court noted *inter alia* that he received notice of the charges against him, a detailed description of the factual allegations, and a list of witnesses and records that would be introduced at the hearing. Declining the opportunity afforded by Tech to secure his own counsel, Brister himself addressed the Student Board by making an opening statement at the hearing, confronting and cross-examining Tech's witnesses, calling his own witnesses and presenting character letters, and making a closing statement. We agree with the district court's conclusion that Brister was not deprived of any process to which he was entitled.

Neither did the district court err in concluding that Tech's minor deviations from its own procedure somehow violated due process, or in holding that Brister failed to establish a genuine issue of material fact regarding bias or prejudice in the composition of the hearing panel. Nor did the district court erroneously conclude that Brister could not prevail on his complaint that Tech

violated his due process in failing to provide requested logs for his preparation for the hearing.

In sum, the district court committed no error, reversible or otherwise, in granting Tech's motion for summary judgment and dismissing Brister's complaint. For essentially the same reasons set forth by the district court in its abovesaid Order, its Judgment of even date is, in all respects,

AFFIRMED.